UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

       Plaintiff,

                       v.              08-CR-69S(Sr)

DION D. KNIGHT,

       Defendant.

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #60.

## PRELIMINARY STATEMENT

Before the Court is defendant Dion D. Knight's omnibus motion for discovery. Dkt. #127. In addition to the relief sought in their own separately filed motions, each of which will be the subject of a separate Decision and Order, defendants Quentin Leeper, Ronquike Maisonet and Major Anthony Newton join in the aforementioned motion filed by defendant Dion D. Knight. *See* Dkt. ## 114, 125, and 126. Defendant Dion D. Knight similarly seeks this Court's permission to join in the motions filed by defendants Quentin Leeper, Ronquike Maisonet and Major Anthony Newton. Thereafter, the government filed a consolidated response to all of the pending motions, including the above-described motion for discovery. Dkt. #132. At the conclusion of its consolidated response, the government has made a request for

reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure. *Id*. Each of the defendant's requests and the government's response will be separately addressed below using the headings set forth in defendant's motion. The following Decision and Order will principally address defendant Dion D. Knight's motion for discovery but will apply with equal force to those defendants who have "joined" in the relief sought by defendant Dion D. Knight. For the following reasons, defendant's motion for discovery is granted in part and denied in part.

## DISCUSSION AND ANALYSIS

Defendants Quentin J. Leeper, Ronquike E. Maisonet, Raymond A. Hodnett, Major Anthony Newton, and Dion D. Knight are charged along with six co-defendants in a multi-count Superceding Indictment with having violated Title 21, United States Code, Sections 841(a)(1), 846 and 853(a) and Title 18, United States Code, Section 2. Dkt. ## 1 (Indictment) and 66 (Superceding Indictment). With respect to outstanding discovery, the government states:

> [t]he government contends that it had provided, pursuant to voluntary discovery and requests made by defendants, the wiretap application, affidavit, warrant, sealing order, search warrant and inventories and affidavits thereto, preliminary laboratory reports, two DVDs containing all pertinent conversations, and transcripts thereof, constituting all material presently within its possession that is within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B) and believes that discovery is thereby complete.

Dkt. #132, ¶ 4 (internal footnote omitted).

**"Bill of Particulars"**

The defendant asserts that he requires a bill of particulars setting forth information concerning the conspiracy alleged in the Indictment. Dkt. #127, ¶ 6(a) - 6(g). Specifically, the defendant seeks the identity or information sufficient to identify each "unknown" person referenced in the Indictment, as well as, the nature of his or her relationship to any of the other defendants. In addition, the defendant seeks information to establish the precise date and place it is alleged the defendant became a member of the conspiracy, conduct alleged to have been in furtherance of the conspiracy, any other overt acts that the government intends to prove at trial that are not recited in the Indictment and the amount of each controlled substance that the defendant and each of the other co-defendants is alleged to have manufactured, distributed and possessed. *Id*. In response, the government maintains that the Indictment, together with the discovery provided is more than sufficient and that the demand for a bill of particulars is unwarranted. Moreover, the government states, "[t]he volume of discovery provided thus far in this action provides an overall picture of each defendant's culpability and actions relative to the conspiracy ... " Dkt. #132, ¶ 17.

The defendant's request for a bill of particulars is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charges in the Superceding Indictment, along

with the discovery materials provided by the government, clearly inform the defendant of the essential facts of the crimes charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d [572] at 574 [(2d Cir. 1987)]. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v. Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007).

**"Evidence of Other Crimes Pursuant to Rule 404(b)"**

By this request, the defendant is seeking the disclosure of all documents and other tangible objects that tend to show acts or crimes not named in the Indictment upon which the government intends to rely to demonstrate Knight's motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. Dkt. #127, ¶¶ 7-8. In its response, the government does notify the defendant of its intention

-4-

to offer proof during its case-in-chief of such crimes, wrongs and acts and that such proof is both relevant and admissible pursuant to Rule 404(b) of the Federal Rules of Evidence. To the extent not already produced or made available to the defendant, the government states that it will provide this information consistent with its disclosure of *Jencks* material. Dkt. #132, ¶ 13. Based on the representations made by counsel for the government, defendant's request is DENIED as moot.

**"Evidence Pursuant to Rule 609"**

By this request, the defendant seeks the production of any evidence of prior convictions of witnesses which may be used for impeachment at trial. Dkt. #127, ¶ 9. The government has agreed to disclose the conviction records of all witnesses it intends to call to testify at trial. The government further states that it will provide evidence of other crimes, wrongs and acts under Federal Rules of Evidence 404(b), 608 and 609 which may be used as impeachment material, "consistent with its disclosure of Jencks material." Dkt. #132, ¶ 13. Accordingly, based on the representations made by counsel for the government, this request is DENIED as moot.

**"Evidence Pursuant to FRCP 12"**

By this request, defendant seeks the production of nine (9) categories of documents pursuant to Rule 12 of the Federal Rules of Criminal Procedure. Dkt. #127, ¶¶ 10(a) - 10(I). As a threshold matter, the Court notes that the defendant, through his counsel, received a disclosure memorandum and enclosed

materials dated April 4, 2008, as well as a May 9, 2008 letter detailing the pre-trial disclosures made.  Notwithstanding the foregoing, defendant Knight seeks the production of the following nine (9) categories of documents: (a) copies of all records, including reports and/or logs regarding radio transmissions from officers at any "crime scene" regarding the investigation; (b) copies of reports relating to the booking process; (c) forensic test results; (d) photographs; (e) documents and photographs seized on the day search warrant was executed; (f) inspection of all items seized from defendant on day of arrest; (g) expert witness disclosures; (h) any and all search warrants, arrest warrants and audio recordings; (i) written notification of evidence intended to be used by government in case-in-chief that may be subject to suppression.  Each of the nine (9) categories of documents requested by defendant will be separately addressed below.

### (a)     Records, Reports, Logs Regarding Radio Transmissions

Defendant requests, "copies of all records, including reports and/or logs, regarding radio transmissions from the officers at any 'crime scene' regarding the investigation."  Dkt. #127, ¶ 10(a).  Although the government's consolidated response does not specifically address this request, the Court broadly interprets this request as seeking the production of all police investigative reports, complaints, evidence logs, intra-departmental memos, records and other documents maintained by any federal, state or local law enforcement agency concerning the conduct alleged in the Indictment.  With respect to investigative reports, the government has indicated in its response that such documents will be produced only insofar as disclosure is required pursuant to the

*Jencks* Act. *Id*. at ¶ 8. Based upon the government's representations that responsive documents will provided consistent with the *Jencks* Act, defendant's request is DENIED as moot.

### (b) Reports Relating to Booking Process

Without elaboration the defendant seeks copies of any and all reports relating to the booking process in this case. Dkt. #127, ¶ 10(b). The government did not respond to this specific request in its consolidated response to all of the pending motions. Because the defendant does not elaborate as to the specific documents he seeks, the Court will treat this request as one for copies of all statements made by the defendant before and immediately after his arrest. In its consolidated response the government does address a request for statements made by the defendant, stating "[a]ll written and recorded statements of defendant have been provided or will be provided, as well as the substance of any oral statements made by each defendant before and after arrest in response to interrogation by any person known to the defendant to be a government agent." Dkt. #132, ¶ 4. Based upon the government's response that it has previously produced or will produce statements of the defendant, that portion of defendant's request relating to such statements is DENIED as moot.

### (c) Reports and Results of Forensic Tests

The government notes in the opening paragraphs of its consolidated response that it has produced, *inter alia*, preliminary laboratory reports. Dkt. #132, ¶ 4. In addition, the government further indicated that the results and reports of scientific tests and experiments conducted in connection with this matter have been made available to defendants. *Id*. Accordingly, based on the representations made by counsel for the government, this request is DENIED as moot.

### (d) Photographs

By this request, the defendant seeks the production of any and all photographs taken in connection with this investigation. The government states that it will make available photographs material to the preparation of a defense or intended to be used as evidence in its case-in-chief. Dkt. #132, ¶ 6. Accordingly, based on the representations made by counsel for the government, this request is DENIED as moot.

### (e) Documents and Photographs Seized on Day of Search

The defendant seeks copies of any and all documents and photographs seized on the day of "any search." Dkt. #127, ¶ 10(e). In its response the government states that,

> [it] has made available of [sic] all tangible objects obtained pursuant to search warrants or otherwise and will make available photographs material to the preparation of a defense or intended to be used as evidence-in-chief at trial or obtained from or belonging to the defendant. The

> defendants are apprised that they can examine such material in the custody of the DEA and/or the Southern Tier Regional Drug Task Force (STRDTF) and pursuant to Rule 12(b)(4)(B), such evidence shall be used by the government against them at trial.

Dkt. #132, ¶ 6. In addition, the government has stated that it will make available photographs material to the preparation of a defense or intended to be used at trial. *Id*. Accordingly, based on the government's representations, this request is DENIED as moot.

### (f)   Inspection of Items Seized from Defendant

By this request, the defendant seeks the opportunity to inspect all items seized from the defendant on the day of his arrest. Dkt. #127, ¶ 10(f). As set forth above in section (e), the government has made all tangible objects obtained pursuant to search warrants or otherwise which are now in the custody of the DEA of the STRDTF, available for inspection. Accordingly, based on the government's representations, this request is DENIED as moot.

### (g)   Expert Disclosures

By this request, the defendant is seeking the production of information relating to the identity of the government's expert witnesses, if any, the qualifications of any expert witness, and a summary of any expert witnesses' opinions and anticipated testimony. Dkt. #127, ¶ 10(g). In its response, the government has stated that it will comply with defendant's request for expert disclosures relating to those witnesses who

will testify pursuant to Federal Rules of Evidence 702, 703 and 705. Based on the representations made by counsel for the government, that portion of defendant's request seeking expert witness disclosures is DENIED as moot. Additionally, the government stated that it will comply with defendant's request for expert disclosures relating to those witnesses who will testify pursuant to Federal Rules of Evidence 702, 703 and 705. Dkt. #132, ¶ 5.

### (h)     Search Warrant, Audio Recordings, Statements of Defendant

The defendant seeks the production of any other search warrants or arrest warrants applied for and/or issued or denied, as well as all audio recordings of the defendant and other and all statements of the defendant. Dkt. # 127, ¶ 10(h). In its response, the government states:

> [t]he government contends that it had provided, pursuant to voluntary discovery and requests made by defendants, the wiretap application, affidavit, warrant, sealing order, search warrant and inventories and affidavits thereto, preliminary laboratory reports, two DVDs containing all pertinent conversations, and transcripts thereof, constituting all material presently within its possession that is within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B) and believes that discovery is thereby complete.

Dkt. #132, ¶ 4 (internal footnote omitted). Additionally, with respect to the production of statements made by the defendant, the government states, "[a]ll written and recorded statements of defendant have been provided or will be provided, as well as the substance of any oral statements made by each defendant before and after arrest in response to interrogation by any person known to the defendant to be a government

agent." *Id*. Accordingly, based on the representations of counsel for the government, this request is DENIED as moot.

### (i) Notice of Government's Intention to Use Evidence Knight May Be Entitled to Move to Suppress

As part of the instant motion, defendant Knight requests written notification of the government's intention to use evidence which may be subject to suppression and to which the defendant is entitled pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Although the government does not specifically respond to this request, the government has provided to counsel for all the defendants the pertinent conversations obtained pursuant to the electronic eavesdropping warrant and transcripts. Beyond what the government has previously provided to counsel for the defendant; what the government has previously agreed to provide (statements of the defendant); and that which is the subject of the motions to suppress in which this defendant has joined, the record before the Court is devoid of any "notice of the Government's intention to use any evidence which Knight may be entitled to suppress." Thus, in the absence of any information relating to this request from either the government or the defendant, this request is DENIED.

**"Brady Material"**

Within his broad request labeled "Brady Material," defendant seeks disclosure of nine categories of documents and information including, *inter alia*, any witness statements which may be favorable to the defendant; the name and address of

any witnesses who may have favorable evidence; any witness statements for those witnesses who the government does not intend to call as a witness during the trial; any favorable information; all prior criminal records of government witnesses; any inconsistent statements made by prospective government witnesses; results of any scientific tests or experiments; and all surveillance reports. Dkt. #127, ¶¶ 11(a) - 11(I). Thus, the Court will treat this request as one for *Giglio*, *Brady* and *Jencks* material, as well as a request for expert reports. Counsel for the government has acknowledged his affirmative duty to provide defendant with exculpatory evidence, as well as evidence that the defendant might use to impeach the government's witnesses. Moreover, counsel for the government further acknowledges its continuing duty to produce such material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Counsel for the government does not, however, agree that defendant's itemized requests properly fall within the cited authority. Dkt. #132, ¶¶ 14-15. Defendant has made a separate request for the early disclosure of *Jencks* Act material, such request will be addressed below.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*. 267 F.3d 132, 146 (2d Cir. 2001). The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id.* at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose

and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

Based on the representations made by counsel for the government as to its obligations under *Brady* and *Giglio,* defendant's request is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

The Court has previously addressed the defendant's specific requests for expert disclosures and the production of results and reports of scientific tests. Accordingly, the parties are referred to those specific sections set forth above in this Decision and Order.

**"*Jencks* Material"**

By this request the defendant seeks the early production of *Jencks* Act material. Specifically, the defendant requests that *Jencks* Act material be provided prior to jury selection. Dkt. #127, ¶¶ 12-13. Title 18 U.S.C. §3500 only requires that statements of witnesses called by the government be turned over to the defendant after the witness has completed his testimony on direct examination. In its response, the government states, "[t]he government agrees to provide impeachment Brady material, i.e., promises of leniency or immunity agreements with government's witnesses, criminal records of prosecution witnesses, immoral, various or criminal acts committed by witnesses, and prior inconsistent statements no later than one week prior to the commencement of trial, at which time the government will produce the Jencks Act material." Dkt. #132, ¶ 16. Accordingly, it appears from the government's response to the instant motion that the government has adopted a policy of turning such information over to the defendant prior to trial, the government is hereby directed to comply with that policy, or in the alternative, produce such information in accordance with the scheduling order issued by the trial judge.

**Miscellaneous Requests to File Additional Motions**

The defendant states that he has standing to contest the interception of electronic communications. With respect to this statement, the Court notes that although this defendant does not separately move to suppress the electronic communications, the defendant seeks to join in those motion to suppress filed by

defendants Leeper and Newton. This Court's Report, Recommendation and Order addressing the motions to suppress was filed on August 12, 2009. (Dkt. #160). Notwithstanding his joining in the motions filed by defendants Leeper and Newton, defendant Knight "reserves the right to make any appropriate motions as the conversations are reviewed." This request is GRANTED subject to the limitations as contained in the aforesaid quote. In addition to his request to file what this Court has interpreted to be a motion to suppress, the defendant reserves the right to file "further motions which may be necessary upon disclosures made by the government, pursuant to this request." This request is GRANTED subject to the limitations as contained in the aforesaid quote.

### The Government's Reciprocal Fed. R. Crim. P. 16(b) Request

The government has requested that the defendant permit it to inspect and copy various books, records, papers, documents, photographs and other tangible objects, including reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial along with written summaries of expert witnesses' testimony that the defendant intends to use. Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is GRANTED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2**

**(concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:		Buffalo, New York
		September 2, 2009


						<u>s/ H. Kenneth Schroeder, Jr.</u>
						**H. KENNETH SCHROEDER, JR.**
						**United States Magistrate Judge**