UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                    **DECISION AND ORDER**
                                                          08-CR-69S-11

DION D. KNIGHT,

                        Defendant.


1.      Presently before this Court is Defendant Dion D. Knight's "Second Motion to

Suppress" electronic evidence seized pursuant to a wiretap authorized by the Honorable

John T. Ward, Acting New York State Supreme Court Judge. (Docket No. 189.)[1]

2.      Knight is charged, along with ten co-defendants, in a multi-count Superseding

Indictment, with having violated Title 21 United States Code Sections 841(a)(1),

841(b)(1)(A) and 841(b)(1)(B); all in violation of Title 21, United States Code, Section 846.

(Docket No. 66.)

3.      On January 30, 2008, Judge Ward issued a warrant authorizing the

interception of telephonic and electronic communications, including text messaging, over

a telephone device bearing the number (716) 485-6360 used by Quentin J. Leeper and

subscribed to by Glenda Garland, based upon the affidavit of Chautauqua County Sheriff's

Department Lieutenant John W. Runkle. The warrant became effective on February 4,

---

[1] Knight refers to the instant motion to suppress, which he has filed through his attorney, Thomas C. Farley, Jr., Esq., as the "second" motion because he maintains that he previously filed and submitted the motion to the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge. Although the "first" motion is dated and notarized December 13, 2008, this Court notes that it was never filed or considered by Judge Schroeder, and was drafted *pro se,* despite the fact that Knight was represented by counsel at the time.

2008, and expired on March 4, 2008. On March 18, 2008, Judge Ward issued a Sealing Order, directing that the communications intercepted pursuant to the warrant be sealed and maintained in the Chautauqua County Courthouse located in Mayville, New York.

4.      In the instant motion, Knight argues that all evidence seized pursuant to the warrant must be suppressed because Judge Ward did not issue a Sealing Order until March 18, 2008, or 14 days after the warrant expired. (Docket No. 189, Ex. 2.) Knight further contends that "[he] believe[s] that the recordings [] have been tampered with." (Docket No. 189, Ex. 2). Thus, by not immediately sealing the recordings, Knight argues that the Government has not complied with 18 U.S.C. § 2518(8)(a) and New York's Criminal Procedure Law § 700.50. (Docket No. 189, Exs. 1 and 2.)

5.      After Knight filed the motion, this Court issued a Scheduling Order directing the Government to submit a response by December 18, 2009. (Docket No. 201.) The Order stated that the Court would take the motion under advisement without a reply from Knight. (Docket No. 201.)[2]

6.      In its response, the Government argued that Knight's motion should be denied as untimely. (Docket No. 204.) Relying on the motions' alleged untimeliness, the Government did not attempt to explain the reason for the 14-day delay between the warrant's expiration and the sealing order. As a result, this Court directed the Government to supplement its response and provide such an explanation. On December 23, 2009, Assistant United States Attorney, Thomas Duszkiewicz, submitted an affidavit detailing the reasons for the delay. (Docket No. 208, Duszkiewicz Aff.)

---

[2] Trial is presently scheduled for January 5, 2010.

7.     Title 18 United States Code Section 2518(8)(a) requires the government to make any intercepted conversations immediately available to the judge who authorized the wiretap for sealing upon the expiration of the period of the order.  United States v. Gangi, 33 F. Supp. 2d 303, 310 (S.D.N.Y. 1999).  Similarly, New York law requires that "[i]mmediately upon the expiration of the period of an eavesdropping warrant, the recordings of communications [] must be made available to the issuing justice and sealed under his directions."  N.Y. C.P.L. § 700.50(2).

The government meets the requirements of the federal and state statutes if the recordings are sealed within one or two days of the conclusion of the electronic surveillance.  See, e.g., United States v. Massino, 784 F. 2d 153, 156 (2d Cir. 1986); People v. Winograd, 68 N.Y.2d 383, 394, 502 N.E.2d 189 (1986).

When the sealing is not done immediately pursuant to both federal and state statutes, the government must provide a satisfactory explanation for the delay.  See, e.g., Massino, 784 F.2d at 156; People v. Basilicato, 64 N.Y.2d 103, 116, 474 N.E.2d 215 (1984).  In Rodriguez, the Second Circuit discussed three factors, which, if present, constitute a satisfactory explanation by the government:

> In most cases when (1) the government has advanced reasons for the delay, such as the need to perform administrative tasks relating to the tapes prior to sealing, (2) there is no basis for inferring that the government sought by means of the delay to gain a tactical advantage over the defendant or that it had any other improper motive, and (3) there has been no showing that there has been tampering with the tapes or that the defendant has suffered any other prejudice as a result of the delay, the government's explanation has been accepted as satisfactory.

Id., 786 F.2d at 477.

8.     In the present case, the Government explains that certain administrative

3

tasks caused the delay. For instance, the Government states that, on March 6, 2008, Lt. John W. Runkle provided a progress report to Judge Ward. (Duszkiewicz Aff. ¶ 5.) In the progress report, Runkle indicated that it would "take some time" to deliver the "master recordings" from the Drug Enforcement Agency's ("DEA") office in New York City, the recordings' location at that time, to Judge Ward's chambers in Mayville, New York. (Duszkiewicz Aff. ¶ 5.) The same day, March 6, 2008, DEA Technical Agent, Anthony Longarzo, contacted the DEA office in New York City and directed that the recordings be shipped via Fed Ex to the DEA office in Buffalo, New York, "attention Task Force Agent, James Rensel." (Duszkiewicz Aff. ¶ 6.) Because the New York City office requires that a "Special Agent" from their office "eject the [recordings] from the New York City system," the recordings were not ejected until March 10, 2008 by a designated agent from the New York City office who then sent them, via Fed Ex, to Rensel in the Buffalo office. (Duszkiewicz Aff. ¶ 6.) Rensel, however, "had additional duties outside the DEA Buffalo office [] on March 11, 12, & 13, 2008." (Duszkiewicz Aff. ¶ 6.) Therefore, Rensel first opened the Fed Ex package on March 14, 2008, at which time he contacted Judge Ward's chambers and obtained an appointment for March 17, 2008. (Duszkiewicz Aff. ¶ 6.) On March 17, 2008, Rensel delivered the recordings to Judge Ward's chambers, and the following day, March 18, 2008, Judge Ward issued the Sealing Order. (Duszkiewicz Aff. ¶ 7.) Thus, the delay in this case was the product of pre-sealing administrative tasks and Rensel's three-day unavailability.

9. With respect to the second and third factors mentioned in Rodriguez, there is no basis for inferring that the Government sought by means of the delay to gain a tactical advantage over the defendants, nor is there any evidence of tampering whatsoever.

Moreover, courts in this Circuit have denied motions to suppress where the delays have exceeded 14 days, the delay at issue here.  See, e.g., United States v. Massino, 784 F.2d 153 (2d Cir. 1986) (government provided satisfactory explanation for 15-day delay in sealing tapes); United States v. Caruso, 415 F. Supp. 847 (S.D.N.Y. 1976) (tapes not suppressed despite 24 and 42-day delays).

11.     Thus, in light of the foregoing, this Court finds that the Government has advanced a satisfactory explanation for the 14-day delay.  Accordingly, Defendant Dion D. Knight's "Second Motion to Suppress" is denied.


IT IS HEREBY ORDERED, that Defendant Dion D. Knight's Second Motion to Suppress (Docket No. 189) is DENIED.

SO ORDERED.

Dated:  December 30, 2009
         Buffalo, NY

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge
